FILED BY_____MB_____D.C.

Mar 17, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-MJ-00016-SMM

UNITED STATES OF AMERICA

v.

THOMAS EARL STEFFENS,

      Defendant.

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   **No**

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?        **No**

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   **No**

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?        **No**

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:    */s/ Justin L. Hoover*_____
       **JUSTIN L. HOOVER**
       Assistant United States Attorney
       Court ID No. A5502493
       101 S. U.S. Highway 1, Suite 3100
       Fort Pierce, Florida 34950
       Tel: (772) 466-0899
       Justin.Hoover@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

## UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

<table>
<tr><td>United States of America<br>v.<br><br>THOMAS EARL STEFFENS,<br><br><br><br><i>Defendant(s)</i></td><td>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Case No.  26-MJ-00016-SMM</td></tr>
</table>

FILED BY     MB     D.C.

**Mar 17, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTP

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of _____ March 2, 2026 _____ in the county of _____ Indian River _____ in the
_____ Southern _____ District of _____ Florida _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1113-1114 | Attempted Murder of a Federal Officer |
| 18 U.S.C. § 111 | Assault of a Federal Officer with a Deadly Weapon |
| 18 U.S.C. § 924(c) | Possession of Firearm in Furtherance of a Crime of Violence |

This criminal complaint is based on these facts:

### - SEE ATTACHED AFFIDAVIT -

☑ Continued on the attached sheet.

_____
Complainant's signature

Edward Veara, II, Special Agent, FBI
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by  **videoconference.**

Date:  March 17, 2026

_____
Judge's signature

City and state:  Fort Pierce, Florida

Shaniek Mills Maynard, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Edward E. Veara II, having been duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI") and have been so employed since June 2023.  I am currently assigned to the Fort Pierce Resident Agency of the FBI. As an FBI SA, I investigate criminal violations of federal laws, including, but not limited to, crimes involving the assault on federal officers delineated in Title 18 of the United States Code. Accordingly, in connection with my official duties and as defined by 18 U.S.C. § 2510(7), I am "an investigative or law enforcement officer of the United States," in that I am empowered by law to conduct investigations of, and make arrests for, violations of federal law, including the offenses enumerated in Title 18, United States Code, Sections 111, 924(c), 1114, and others.

2.      This affidavit is submitted in support of a criminal complaint charging Thomas Earl STEFFENS with attempted murder of a federal officer, in violation of 18 U.S.C. §§ 1113-1114, assault of a federal officer with a deadly weapon, in violation of 18 U.S.C. § 111, and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c).

3.      The statements contained in this affidavit are based upon my own personal knowledge, as well as information provided to me by other law enforcement officers, witnesses, and my review of records and documents during the course of this investigation.  Because this affidavit is submitted for the limited purpose of establishing probable cause for the issuance of a criminal complaint, it does not contain every fact known to me about this investigation; rather, it contains only those facts necessary to establish probable cause.

1

## FACTS

4. On February 25, 2026, Thomas Earl STEFFENS ("STEFFENS") was charged by the Grand Junction, Colorado Police Department with various counts related to sexual assault, assault, and strangulation, and a warrant was issued for his arrest. Police authorities had previously executed a search warrant at STEFFENS' residence on January 29, 2026, and collected a DNA swab from STEFFENS the following day; thus, STEFFENS was aware of the investigation.

5. On March 2, 2026, a United States Marshal Service ("USMS") deputy in Colorado contacted the USMS Fugitive Task Force in West Palm Beach, Florida, to request assistance in locating and apprehending STEFFENS. The USMS in Colorado relayed that they believed STEFFENS had fled Colorado and possibly traveled to Vero Beach, Florida, where an associate, "Female 1," lives. The USMS in Colorado also stated that STEFFENS had made comments to relatives about not going to jail and getting into a shootout with law enforcement; STEFFENS was believed to be armed. Additionally, the USMS in Colorado received information that STEFFENS may be traveling by Greyhound Bus to Florida.

6. On March 2, 2026, USMS personnel located Female 1's vehicle at the Green Marlin restaurant and bar, at 1475 US Hwy 1, Vero Beach, Florida. Shortly thereafter, a Deputy U.S. Marshal ("DUSM"), Victim 1 ("V1"), confirmed that both STEFFENS and Female 1 were at the Green Marlin.

7. STEFFENS and Female 1 then exited the Green Marlin and entered Female 1's registered vehicle; Female 1 drove while STEFFENS sat in the front passenger seat. STEFFENS and Female 1 traveled to a nearby Publix, where Female 1 entered and STEFFENS remained in the vehicle.

8.     Female 1 then exited the Publix and re-entered her vehicle's driver's seat. STEFFENS remained in the front passenger seat.  The vehicle then left the Publix parking lot and turned west on 12th Street in Vero Beach.

9.     At this point, the USMS Fugitive Task Force effectuated a stop of the vehicle. Female 1's vehicle stopped, and law enforcement officers positioned themselves on both the driver and passenger sides of the vehicle.  Multiple law enforcement vehicles were present with their emergency lights activated.  The law enforcement personnel were wearing vests that identified themselves as law enforcement.

10.     V1 positioned himself on the passenger side, to the rear of Female 1's vehicle. Immediately to V1's right and left were other law enforcement personnel, including two USMS Task Force Officers ("TFO") from the Martin County, Florida Sheriff's Office, one USMS TFO from the Indian River County Sheriff's Office ("IRCSO"), and one IRCSO deputy who was a TFO with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF").

11.     The USMS personnel began issuing commands for STEFFENS to exit the vehicle. STEFFENS refused to comply with commands issued and remained in the vehicle with his hands moving in and out of the passenger side door and window.  Female 1 complied with commands and exited the driver side of the vehicle and went to a USMS Deputy Commander.  Female 1 stated that STEFFENS had a firearm and that he intended to get into a shootout with law enforcement.

12.     V1 observed STEFFENS sitting in the front passenger seat of the vehicle and heard STEFFENS state that he did not want to live anymore.  V1 heard officers issuing several, repeated commands to STEFFENS, such as not to reach for the firearm, and "don't do it."

3

13. STEFFENS did not follow law enforcement commands. Instead, STEFFENS pulled his hand inside the vehicle and withdrew and brandished a firearm. In response, law enforcement began firing their service weapons in STEFFENS' direction.

14. After the first volley of gunfire, V1 observed STEFFENS remain in the front passenger seat. STEFFENS then again stuck the firearm outside the vehicle and fired in the direction of the USMS Fugitive Task Force members, and law enforcement returned fire. During this second volley of gunfire, V1 was struck in the vest, over his chest area, with a projectile from STEFFENS' pistol. During one of the two volleys, V1 was also struck in the leg with a projectile from STEFFENS' pistol. V1's fellow officers applied a tourniquet to V1's leg and rushed him to the hospital.

15. Following the second volley of gunfire, STEFFENS was taken into custody and transported to the hospital to be treated for multiple gunshot wounds. STEFFENS was later released and is in the custody of the State of Florida.

16. V1 stated that during this incident, he was in fear for the safety of himself and his fellow law enforcement officers.

17. Female 1 was subsequently interviewed. Female 1 told investigators that after they stopped her vehicle, she heard STEFFENS on the phone telling a relative that he was going to kill himself. Female 1 also heard the relative pleading with STEFFENS not to do so.

18. On March 5, 2026, law enforcement executed a State of Florida search warrant for Female 1's vehicle. Investigators recovered a black 9mm Sig Sauer handgun on the front passenger floorboard. The handgun contained a magazine, and the slide was locked back, indicating that the gun had been fired until the magazine was empty. Five spent 9mm casings were located inside the vehicle.

4

## CONCLUSION

19.     Based on the foregoing facts, there is probable cause that Thomas Earl STEFFENS committed the offenses of attempted murder of a federal officer, in violation of 18 U.S.C. §§ 1113-1114, assault of a federal officer with a deadly weapon, in violation of 18 U.S.C. § 111, and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c).

FURTHER AFFIANT SAYETH NAUGHT.

_____
Edward E. Veara II
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me, by videoconference, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure, in Fort Pierce, this __17th__ day of March, 2026.

_____
SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE

5